**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAN YUN CHEN, a.k.a. Dang Yun Chen, | No. 07-74767 |
| Petitioner, | Agency No. A079-429-875 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010**

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Dan Yun Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Chen's motion to reopen as untimely, *see* 8 C.F.R. § 1003.2(c)(2), and Chen failed to establish changed circumstances in China to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Lin v. Holder*, 588 F.3d 981, 988-89 (9th Cir. 2009) (record did not establish change in family planning laws or enforcement of such laws that would establish changed country conditions excusing untimely motion to reopen).

Chen's contention that she should have been permitted to file a successive asylum application is foreclosed. *See Lin*, 588 F.3d at 989 (rejecting petitioner's contention that, independent from her motion to reopen, she was entitled to file a free-standing asylum application).

Finally, we deny Chen's request for administrative notice of evidence that she did not submit to the BIA, because our review is confined to the administrative record. *See Fisher v. INS*, 79 F.3d 955, 964 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED.**